UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY SCHIRO                                          CIVIL ACTION

VERSUS                                               No. 06-9553

STATE FARM FIRE AND                                  SECTION: I/5
CASUALTY COMPANY, ET AL.

ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Gary Schiro. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), Mel Malone, and ABC Insurance Company.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006);

*Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL

2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully

---

[1] The Court notes that, on the facts of this case, defendants have failed to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  This Court has previously addressed the substantive legal arguments raised here.  *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact in this case.  *Richmond*, 2006 WL 2710566 at *5.  Given that plaintiff generally alleges that Malone failed to properly advise him, *see* Rec. Doc. No. 1-2, p. 4, the Court cannot determine, based on uncontested facts, the date from which the peremptive period should run.  Assuming that Malone has only been plaintiff's agent since 2001, as he asserts in his affidavit, *see* Rec. Doc. No. 10-3, the policy renewals during which Malone was plaintiff's agent still can be the basis of separate torts.  *Rizzuto*, *2006 WL 3332832 at *5*.  Since this Court must resolve substantive issues of contested fact in plaintiff's favor, *Richmond*, 2006 WL 2710566, at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond*, there is a reasonable basis to predict that plaintiff might be able to recover against Malone.  *See id*. at *6.  In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage."  *Id*. (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  Here, plaintiff generally alleges that the agent breached his fiduciary duty to advise plaintiff regarding his insurance coverage.  Rec. Doc. No. 1-2, p. 4.  While the Court cannot conclude based on these general allegations that plaintiff will succeed in his claims against Malone, defendants have failed to establish that there is no reasonable basis to predict that plaintiff might be able to recover.

-2-

written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, March __2nd__, 2007.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. No. 2.